**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALEM STEEL NORTH AMERICA, LLC,<br><br>                         **Plaintiff,**<br><br>v.<br><br>SHANGHAI SHANGSHANG STAINLESS STEEL PIPE CO., LTD,<br><br>                         **Defendant.** | **Civil Action No. 08-4827 (DMC)**<br><br><br>**OPINION** |

This matter comes before the Court by way of Plaintiff Salem Steel North America, LLC's motion to consolidate the above matter with the matter of Plymouth Tube Company v. Salem Steel North America, LLC, Civil Action No. 08-6031. Both matters are currently pending before the Honorable Dennis M. Cavanaugh, U.S.D.J. This motion has been referred to the undersigned by Judge Cavanaugh. I have considered the submissions made in support of and in opposition to the instant motion, and heard oral argument on July 20, 2009. Based on the reasons that follow, Plaintiff's motion to consolidate is **granted**.

## BACKGROUND

The Complaint filed in the matter of Salem Steel North America, LLC v. Shanghai Shangshang Stainless Steel Pipe Co., Ltd., hereinafter referred to as the "Salem matter" or "Salem Complaint," alleges, in relevant part, that this is "an action for breach of contract, breach of express and implied warranties, common law fraud, negligent misrepresentation, breach of the covenant of good faith and fair dealing and tortious interference with contract and prospective economic advantage stemming from the sale of more than $2,5000,000 of defective . . . stainless steel pipe

[made] by Shangshang, a Shanghai, China-based steel manufacturer to Salem, a New Jersey based importer and supplier of steel products." (Salem Compl., ¶ 1).

Similarly, the Complaint filed in the matter of Plymouth Tube Company v. Salem Steel North America, LLC, hereinafter referred to as the "Plymouth matter" or "Plymouth Complaint," alleges, in relevant part, that "[t]his action includes causes of action for breach of contract, breach of express and implied warranties, fraud and negligent misrepresentation, all arising from an agreement between Plymouth and Salem for the sale of more than 540,000 pounds of stainless steel pipe. . . . After payment by Plymouth to Salem in compliance with Salem's payment terms, Salem delivered stainless steel pipe to Plymouth that . . . failed to comply with industry standards . . . and contained defects that made the stainless steel pipe unusable." (Plymouth Compl., ¶ 1).

Plaintiff in the Salem matter seeks consolidation of both matters on the basis that "[b]oth actions concern the purchase and sale of certain stainless steel pipe manufactured by Shangshang, which both Salem and Plymouth allege is defective." (Pl. Br. at 1).  Plaintiff claims that consolidation is warranted "given the existence of common factual and legal questions between the two cases, and since consolidation will promote judicial efficiency and avoid unnecessary cost, delay and the risk of inconsistent decisions with respect to the common factual and legal questions" raised therein. (Pl. Br. at 2).

## LEGAL STANDARD

Plaintiff's motion is one brought pursuant to Federal Rule of Civil Procedure 42(a), which allows a court to "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay" if "actions before the court involve a common question of law or fact."

Local Civil Rule 42.1, in turn, provides that "[a] motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the case bearing the earliest docket number.  That motion shall be adjudicated by the Judge to whom that case is assigned."  Because the Salem matter bears the earlier docket number, the motion to consolidate has been filed by Plaintiff in that matter.

## ANALYSIS

"Rule 42(a) gives the district court 'broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice.' " Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp., 149 F.R.D. 65, 80 (D.N.J. 1993) (citations omitted).  Accordingly, "[i]n the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." A.F.I.K. Holding SPRL v. Fass, 216 F.R.D. 567, 570 (D.N.J. 2003).  Having considered the parties arguments, as raised both in the papers and during oral argument, the Court finds, in its discretion, that consolidation of the Salem and Plymouth matters is warranted for several reasons.

First, common questions of fact support consolidation. For instance, both cases involve disputes over whether the stainless steel pipe allegedly manufactured by Shangshang was defective. Salem was apparently the importer and reseller of the Shangshang pipe and Plymouth apparently bought the Shangshang pipe from Salem.

Secondly, common questions of law support consolidation. For instance, both the Salem and Plymouth Complaints allege similar causes of action, such as breach of contract, breach of express warranty, breach of implied warranty of merchantability, common law fraud and negligent

3

misrepresentation.  Consolidation of these matters will eliminate the risk of inconsistent results of any dispositive motions on such claims.

Additionally, consolidation of the above matters would serve judicial efficiency and reduce unnecessary costs.  Given the common questions of fact and law mentioned above, discovery in both cases will likely involve many of the same documents and witnesses. Such duplication of effort and time by the parties would result in a waste of judicial resources and unnecessary costs to the parties.

Defendant Shangshang does not expressly dispute these factors. Rather, Defendant maintains that the actions should, nevertheless, remain separate because "the Salem case . . . has been decided through extensive deliberations in the People's Republic of China and . . . to raise it again would violate principles of res judicata." (Def. Br. at 2). In particular, Defendant argues that "Shangshang has spent years litigating this matter in the proper forum for this case, the People's Republic of China. It is not now fair to subject Shangshang to additional scrutiny on this matter of steel quality. . . . It would be unfair to retry this matter in the U.S. Courts now that the decision in the Chinese courts has been finalized." (Def. Br. at 4).

Whether (a) principles of res judicata should apply to the Salem matter, or (b) whether Salem's claims will ultimately succeed in this Court, has no bearing on whether the Salem and Plymouth matters should be consolidated pursuant to Rule 42(a).  Consolidation of these matters does not preclude Defendant Shangshang from asserting such arguments at the appropriate stage of the litigation.  Regardless of its final outcome, the Salem matter **will** proceed at this time.  Judge Cavanaugh has directed such by way of his Opinion and Order denying Shangshang's motion to dismiss the Salem Complaint, entered on June 10, 2009.  Defendant Shangshang has, therefore, failed to articulate a specific basis on which consolidation of these matters will result in prejudice

to the Defendant.  Because the Court has found that common questions of fact and law exist between

the <u>Salem</u> and <u>Plymouth</u> cases, and that consolidation of these matters would promote judicial

efficiency and serve the best interests of all parties, Plaintiff's motion to consolidate is hereby

**granted.**

### <u>CONCLUSION</u>

Based on the reasons set forth above, Plaintiff's motion to consolidate is **granted.**  An

appropriate Order accompanies this Opinion.


                                                          /s/ Mark Falk
DATE: July 21, 2009                                       **MARK FALK**
                                                          **United States Magistrate Judge**

Orig.:  Clerk of the Court
cc:     Hon. Dennis M. Cavanaugh, U.S.D.J.
        All Parties